## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BRENDA BICKERSTAFF, | CASE NO. 1:14CV831 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| VINCENT LUCARELLI, et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter is before the Court on the Motions of Defendants, Cheryl McDuffie ("McDuffie") (ECF #27), Dennis Hill ("Hill") and Michael Legg ("Legg") (ECF #29), and the City of Cleveland (ECF #28) to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, the Court grants Defendants' Motions to Dismiss.

## I. FACTS

Plaintiff Brenda Bickerstaff ("Bickerstaff") is a private investigator for criminal defense law firms in Northeast Ohio. In March 2012, Bickerstaff was conducting an investigation on behalf of a defendant accused of breaking into the house of Jasmine Harris

("Harris").  Bickerstaff spoke to Harris and Harris agreed to be interviewed by Bickerstaff. Shortly after speaking with Harris, Bickerstaff received a phone call from Defendant Vincent Lucarelli ("Lucarelli") who told her to discontinue her contact with Harris.

At the time of Bickerstaff's investigation, Lucarelli was a detective with the Cleveland Division of Police.  Bickerstaff alleges that Lucarelli and Harris were involved in a "sexual and/or personal relationship" based upon text messages and photos obtained by Bickerstaff that were sent from Lucarelli's cell phone.

Lucarelli eventually brought criminal charges against Bickerstaff for intimidation of a crime victim or witness and telecommunications harassment.  On April 13, 2012, a grand jury indicted Bickerstaff on these charges.  As a result, Bickerstaff was required to retain a lawyer, appear for arraignment, post bond and undergo booking and processing.  The criminal proceedings against Bickerstaff were dismissed in her favor on May 24, 2012.

## II. PROCEDURAL HISTORY

On March 21, 2014, after her original Complaint was dismissed without prejudice, Bickerstaff re-filed her Complaint in Cuyahoga County Common Pleas Court against the aforementioned defendants and a number of John Does.  On April 17, 2014, the City of Cleveland removed the case to the United States District Court, Northern District of Ohio, Eastern Division (ECF #1).  Bickerstaff  filed her Amended Complaint on June 17, 2014 (ECF #10).  In her Amended Complaint, Bickerstaff asserts claims under the Ohio Revised Code, Ohio common law, the United States Constitution, and 42 U.S.C. § 1983, alleging malicious prosecution, abuse of process, retaliation, supervisory liability, municipal liability, reckless, wanton or willful conduct and civil conspiracy.

A. **<u>Defendant Cheryl McDuffie's Motion to Dismiss</u>**

On July 22, 2014, McDuffie moved to dismiss all claims asserted against her by Bickerstaff (ECF #27).  On September 2, 2014, Bickerstaff responded and clarified that she was only seeking redress from McDuffie for Malicious Prosecution (Count I), Abuse of Process (Count II), Reckless, Wanton, or Willful Conduct/ R.C. § 2921.52 (Count VI), and Civil Conspiracy (Count VII) (ECF #43).  On September 23, 2014, McDuffie replied and raised two grounds in support of dismissal (ECF #49).  First, McDuffie argues that Bickerstaff's Amended Complaint fails to demonstrate any plausible claim against her. Second, McDuffie asserts that she is immune from Bickerstaff's claims based on the Sixth Circuit's doctrine of testimonial immunity.

B. **<u>Defendants Dennis Hill and Michael Legg's Motion to Dismiss</u>**

On July 24, 2014, Hill and Legg moved to dismiss Bickerstaff's claims against them (ECF #29).  On September 2, 2014, Bickerstaff responded (ECF #42).  In her Response Brief, Bickerstaff clarified that she was seeking redress from Hill and Legg, in their official and individual capacities, for Malicious Prosecution (Count I), Abuse of Process (Count II), Reckless, Wanton, or Willful Conduct/ R.C. § 2921.52 (Count VI), and Civil Conspiracy (Count VII).  Additionally, Bickerstaff makes a claim only against Hill, in his official and individual capacity, for Supervisory Liability (Count IV).  On September 23, 2014, Hill and Legg replied and raised three grounds in support of dismissal.  First, Hill and Legg argue that dismissal is proper because Bickerstaff fails to plead factual allegations beyond the speculative level.  Second, Hill and Legg assert that Bickerstaff fails to show that they participated in or authorized the alleged conduct of Lucarelli.  Finally, Hill and Legg argue

that Bickerstaff fails to show that they violated Bickerstaff's constitutional rights.

**C.     Defendant City of Cleveland's Motion to Dismiss**

On July 24, 2014, the City of Cleveland moved to dismiss all claims made against it by Bickerstaff (ECF #28). In its Motion, the City of Cleveland raised nine grounds in support of dismissal. In her Response Brief of September 2, 2014, Bickerstaff clarifies that she is only asserting claims for Supervisory Liability (Count IV) and Municipal Liability (Count V) against the City of Cleveland (ECF #41). On September 23, 2014, the City of Cleveland replied with the understanding that only Counts IV and V applied (ECF #47). In its Reply Brief, the City of Cleveland argues that dismissal is proper because Bickerstaff's allegations of a widespread policy of tolerating misconduct and dishonesty are mere legal conclusions. Further, the City of Cleveland asserts that Bickerstaff has failed to plead sufficient facts showing a direct causal link between the alleged municipal policy and her supposed constitutional injury.

### III. LAW & ANALYSIS

**A.     Standard of Review**

In deciding a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S.Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a

> complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)). The court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

**B.      McDuffie's Motion to Dismiss is granted.**

In her Amended Complaint, Bickerstaff alleges that McDuffie presented Lucarelli's paperwork to the grand jury, intentionally omitted exculpatory material facts from the grand jury, had a text message conversation with Lucarelli about the grand jury and acted in concert with other police officers to create an environment of rule breaking. Using these allegations, Bickerstaff seeks four different avenues of redress. The Court finds that Bickerstaff's allegations, even taken as true, cannot demonstrate a plausible right of recovery against McDuffie, and therefore, Bickerstaff's claims against McDuffie are dismissed.

      1.      <u>Testimonial Immunity</u>

As an initial matter, the Court agrees with Bickerstaff that the doctrine of testimonial immunity is inapplicable to McDuffie. The Sixth Circuit has made clear that "absolute testimonial immunity does not relate backwards to protect [a defendant] for any activities he allegedly engaged in prior to taking the witness stand for his grand jury testimony." *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir.1999) (quoting *Mastroianni v. Bowers*, 160 F.3d 671, 677 (11th Cir.1998)). Bickerstaff's claims against McDuffie arise out of the actions she allegedly took prior to her presentation to the grand jury. Therefore, testimonial immunity does not apply.

      2.      <u>Count I - Malicious Prosecution</u>

To prove a malicious prosecution claim under federal law, a plaintiff must show "at a minimum, that there is no probable cause to justify an arrest or a prosecution." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 675 (6th Cir. 2005). Under Ohio law, the elements of malicious prosecution are: (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused. *Id.* at 676 (citing *Trussell v. General Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d 732, 736 (1990)).

Bickerstaff's malicious prosecution claim against McDuffie fails at the outset because she has not pled sufficient factual allegations that allow the Court to draw the reasonable inference that probable cause was lacking. In her Amended Complaint, Bickerstaff repeatedly contends that the "indictment was baseless," that there was "no probable cause," and that McDuffie "intentionally omitted exculpatory material facts." These allegations, however, are conclusory allegations couched as factual allegations that the Court must disregard.

Moreover, Bickerstaff does not dispute that the grand jury indicted her on April 13, 2012. Rather, Bickerstaff contends that McDuffie and the other defendants misled the grand jury. But it has been settled that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir.2006) (citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002)). *See also Bickley v. FMC Technologies, Inc.*, 282 F. Supp. 2d 631, 639 (N.D. Ohio 2003) ("The return of an indictment by the grand jury establishes probable cause."). Therefore, because Bickerstaff was indicted by the grand jury, and because she failed to plead sufficient factual allegations that show a lack of probable cause, Bickerstaff's malicious prosecution claim against McDuffie is dismissed.

### 3. Count II - Abuse of Process

Alternatively, Bickerstaff makes a claim for abuse of process against McDuffie. To establish an abuse of process claim under Ohio law, a plaintiff must show: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful process. *Bickley*, 282 F. Supp. 2d at 639 (citing *Yaklevich v. Kemp, Schaeffer & Rowe*, 68 Ohio St.3d 294, 298, 626 N.E.2d 115 (1994)). A defendant is not liable for abuse of process "where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id.* at 640.

Bickerstaff asserts that McDuffie is liable for abuse of process because she had an ulterior purpose. That is, she perverted the grand jury proceeding to frustrate an accused

defendant's case via prosecution of the investigator. Similar to her malicious prosecution claim, Bickerstaff again only pleads legal conclusions consistent with McDuffie's alleged liability. The Sixth Circuit has made clear that "an abuse-of-process claim will not survive a motion to dismiss when it is supported only by conclusory allegations regarding the defendants' ulterior motives with no facts to support those contentions." *Graham v. Best Buy Stores, L.P.*, 298 F. App'x 487, 497 (6th Cir. 2008) (citing *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir.1999)). Bickerstaff's Amended Complaint is devoid of any facts to support her contention that McDuffie intended to "frustrate an accused defendant's case." Therefore, Bickerstaff's abuse of process claim against McDuffie is also dismissed.

    4.    <u>Count VI - Reckless, Willful, or Wanton Conduct/ R.C.§ 2921.52</u>

Under R.C. § 2921.52 (B)(3), it is a violation of Ohio law to knowingly use sham legal process to "commit or facilitate the commission of an offense." R.C. § 2921.52(A)(4) defines sham legal process as an instrument that meets all of the following conditions:

  (a) It is not lawfully issued.

  (b) It purports to do any of the following:

  (i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body.

  (ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property.

  (iii) To require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property.

  (c) It is designed to make another person believe that it is lawfully issued.

Bickerstaff's claims against McDuffie under R.C.§ 2921.52 again fail at the outset because she has not pled sufficient factual allegations that show a legal instrument was

unlawfully issued.  Instead, the factual allegations pled by Bickerstaff show that a grand jury indicted her on April 13, 2012.  And, as stated throughout, "the return of an indictment by [a] grand jury establishes probable cause."  Thus, because Bickerstaff has failed to plead sufficient factual allegations showing a lack of probable cause, she cannot show that an instrument was "unlawfully issued."  Therefore, Bickerstaff's claims against McDuffie under R.C.§ 2921.52(B)(3) and (E) are dismissed.

Bickerstaff's claims under R.C. § 2921.52 also fail because she has not plead sufficient factual allegations that show McDuffie acted "knowingly."  R.C. § 2921.52 (B)(3) explicitly states that "No person shall . . . *knowingly* commit or facilitate the commission of an offense, using sham legal process."  In her Amended Complaint, Bickerstaff does not plead that McDuffie and other defendants knowingly violated the law.  Instead, she incorrectly asserts that McDuffie and other defendants "wantonly and willfully committed reckless violations of the law."  Thus, because Bickerstaff failed to plead that McDuffie had the requisite mental state, her claims under R.C.§ 2921.52 must also fail.

    5.  <u>Count VII - Civil Conspiracy</u>

Bickerstaff's final claim against McDuffie is for civil conspiracy.  To establish a claim of civil conspiracy, a plaintiff must allege: (1) a malicious combination; (2) of two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy.  *Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 927 (N.D. Ohio 2007) (citing *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995)).  In other words, a plaintiff must show "that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was

committed in furtherance of the conspiracy that caused injury to the complainant." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir.2011) (quoting *Spadafore v. Gardner*, 330 F.3d 849 (6th Cir.2003)).

Bickerstaff's civil conspiracy claim against McDuffie must fail because Bickerstaff has not plead a single factual allegation showing that McDuffie was part of a "malicious combination." "There is no requirement of an express agreement between defendants" for a malicious combination to exist. *Garrett v. Fisher Titus Hosp.*, 318 F. Supp. 2d 562, 578 (N.D. Ohio 2004) (citing *Gosden v. Louis*, 116 Ohio App.3d 195, 687 N.E.2d 481, 496 (1996)). Rather, a plaintiff must plead sufficient factual allegations showing "a common understanding or design, even if tacit, to commit an unlawful act." *Id.* Bickerstaff does not present any factual allegations that show even a tacit understanding between McDuffie and the other defendants. In fact, Bickerstaff pleads contradictory facts. Accepting all of Bickerstaff's allegations as true, McDuffie ignored Lucarelli's note instructing her not to present the case to the grand jury. Thus, because Bickerstaff has failed to plead even a "tacit understanding" between McDuffie and the other defendants, her civil conspiracy claim against McDuffie is dismissed.

**C.     Hill and Legg's Motion to Dismiss is granted**

Bickerstaff seeks four avenues of redress from Hill and Legg in their official and individual capacities. Additionally, Bickerstaff seeks redress from Hill in his official and individual capacity for supervisory liability. For the following reasons, Hill and Legg's Motion to Dismiss is granted.

1.      Count I - Malicious Prosecution

Again, Bickerstaff fails to plead sufficient factual allegations that allow the Court to infer a lack of probable cause. Therefore, Bickerstaff's malicious prosecution claim against Hill and Legg is dismissed.

2. Count II - Abuse of Process

Bickerstaff's abuse of process claim against Hill and Legg is dismissed for the same reasons her abuse of process claim against McDuffie fails. Bickerstaff does not allege any facts that would support finding that Hill and Legg had an ulterior purpose or that they even had "bad intentions." Instead, Bickerstaff contends that Lucarelli had an ulterior purpose in prosecuting Bickerstaff because he wanted to keep his "relationship concealed." Bickerstaff then argues that because Hill and Legg allegedly allowed Lucarelli to prosecute Bickerstaff they also had an ulterior purpose. But alleging that a defendant allowed a prosecution to be carried out and concluded does not equate to an ulterior purpose. As stated above, a defendant is not liable for abuse of process "where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Bickley*, 282 F. Supp. 2d at 640. Therefore, because Bickerstaff has only alleged that Hill and Legg allowed her prosecution, her abuse of process claim against Hill and Legg is dismissed.

3. Count IV - Supervisory Liability

Bickerstaff seeks redress from Hill alone for supervisory liability. Bickerstaff contends that Hill, acting as Lucarelli's direct supervisor, was aware of Lucarelli's alleged conduct and knowingly acquiesced in it.

To establish supervisory liability under § 1983, a plaintiff must "[a]t a minimum . . . show that the official at least implicitly authorized, approved, or knowingly acquiesced in the

unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999) (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir.1982)). "[L]iability under § 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Id. (*citing *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir.1998)).

Bickerstaff's Amended Complaint is devoid of factual allegations showing "unconstitutional behavior." Accepting all allegations as true, it is plausible that Hill was aware of Lucarelli's alleged conduct; however, an officer having an inappropriate sexual relationship does not amount to "unconstitutional behavior." Moreover, a supervisor knowing that an inappropriate relationship exists and failing to act certainly does not amount to "unconstitutional behavior." Thus, while Bickerstaff's Amended Complaint may show that Hill knowingly acquiesced to Lucarelli's sexual escapades, it provides no factual allegations showing that Hill or Lucarelli took part in any "active unconstitutional behavior." Therefore, Bickerstaff's claim against Hill for supervisory liability is dismissed.

    4.  <u>Count VI - Reckless, Wanton, or Willful Conduct/ R.C. § 2921.52</u>

Bickerstaff's claims against Hill and Legg under R.C. § 2921.52 fail for the same reasons they failed against McDuffie. Bickerstaff has not pled sufficient factual allegations that show a legal instrument was unlawfully issued, nor has she plead sufficient factual allegations that show Hill and Legg acted knowingly. Therefore, Bickerstaff's claims against Hill and Legg under R.C. § 2921.52(B)(3) and (E) are dismissed.

    5.  <u>Count VII - Civil Conspiracy</u>

Bickerstaff's final claim against Hill and Legg is for civil conspiracy. Accepting

Bickerstaff's allegations as true, the Court finds that Bickerstaff has not pled sufficient facts to state a plausible claim of civil conspiracy against Hill and Legg.

As stated previously, for a civil conspiracy claim to go forward "[a]ll that must be shown is that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Heyne,* 655 F.3d at 563. Bickerstaff has pled enough facts to show that there was a plan between Hill, Legg and Lucarelli to "cover up departmental misconduct." Bickerstaff alleges that Hill and Legg shared in the general conspiratorial objective by creating false arrest and release reports, communicating with other known sexual partners of Lucarelli, and lying to Internal Affairs about Lucarelli's alleged conduct. However, these actions, although wholly inappropriate and possibly illegal, did not injure Bickerstaff. Moreover, Bickerstaff describes the independent overt acts as follows in ¶ 122 of her Amended Complaint:

> All Defendants worked together to commit an act wholly independent of the conspiracy itself, to wit: malicious prosecution, abuse of process, instituting, issuing, and advancing baseless charges against Plaintiff on bogus allegations in order to maliciously punish and/or injure and/or retaliate against her.

Because these specific overt acts cannot survive dismissal as free-standing causes of action, they cannot serve as overt acts in furtherance of civil conspiracy. Bickerstaff's claim of civil conspiracy against Defendants Hill and Legg is dismissed.

### D.     City of Cleveland's Motion to Dismiss is granted.

Bickerstaff asserts that Counts IV and V are separate allegations, but then treats the allegations as one in her Response Brief. The Court will follow Bickerstaff's approach and

-13-

treat them as one allegation.

A municipality may be liable for a "constitutional deprivation" under 28 U.S.C. § 1983 if that deprivation is "visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978). A municipality, however, cannot be held liable "solely because it employs a tortfeasor." *Id.*

A plaintiff asserting municipal liability must adequately plead three elements to survive a motion to dismiss brought pursuant to Rule 12(b)(6). A plaintiff must plead: (1) that a violation of a federal right took place; (2) that the defendant(s) acted under color of state law; and (3) that a municipality's policy or custom caused that violation to happen. *Bright v. Gallia Cnty., Ohio*, 753 F.3d 639, 660 (6th Cir. 2014) (citing *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir.2008)). In other words, a plaintiff "must demonstrate that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694).

The Sixth Circuit has recognized four avenues a plaintiff may take to prove a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). Bickerstaff attempts to establish municipal liability using two of these avenues.

First, Bickerstaff alleges that the City of Cleveland had a policy of inadequate training

and supervision because it allowed the Fifth District's supervising officers to remain silent and do nothing to discipline or stop Lucarelli from engaging in inappropriate relationships. Second, Bickerstaff alleges that the City of Cleveland had a custom of tolerance or acquiescence of federal rights violations because it tolerated officers having inappropriate relationships and "covering up misconduct." Bickerstaff then asserts that this policy and custom caused her to be prosecuted without probable cause.

The City of Cleveland argues that Bickerstaff's municipal liability claims must be dismissed because Bickerstaff's allegations do not amount to a municipal policy, and even if her allegations did, Bickerstaff fails to assert a direct causal link between the alleged municipal policy or custom and her alleged constitutional injury.

The Court agrees with the City of Cleveland. Bickerstaff has not pled sufficient facts to make her claims against the City of Cleveland plausible.

First, Bickerstaff's assertion that a municipal policy or custom existed falls short. At a minimum, to demonstrate a municipal policy or custom, a plaintiff must show a "clear and persistent pattern." *Thomas*, 398 F.3d at 432. Accepting all Bickerstaff's factual allegations as true, Bickerstaff only sets forth facts illustrating one police district's knowledge and tolerance of one officer's inappropriate relationships with crime victims and witnesses. One instance in one police district does not demonstrate a "clear and persistent pattern." Thus, Bickerstaff's assertion that a municipal policy or custom existed fails.

Second, Bickerstaff's Amended Complaint is devoid of any factual allegations demonstrating the requisite causal link between the City's alleged policy or custom and her alleged constitutional deprivation. "There must be a direct causal link between the policy and

the alleged constitutional violation such that the [City's] deliberate conduct can be deemed the moving force behind the violation." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir.2001)). Bickerstaff fails to set forth any factual allegations showing how the alleged policy or custom caused her to be maliciously prosecuted. Bickerstaff alleges that the City of Cleveland's "policy and/or custom of tolerating dishonesty in law enforcement activities was the moving force behind [her] injury." However, this is merely a legal conclusion supported by no factual allegations, which conclusions the Court must disregard.

In short, Bickerstaff has not set forth sufficient facts to make her claims against the City of Cleveland plausible. Bickerstaff is obligated to plead facts that "amplify [her] claim" to a level of plausibility and she has failed to do so. Bickerstaff's attempt to infer a citywide policy based solely on one instance of alleged misconduct is the exact path to municipal liability that was forbidden by the Supreme Court in *Monell*. Therefore, Bickerstaff's claims against the City of Cleveland are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss of Defendants, McDuffie, Hill, Legg and the City of Cleveland are granted.

**IT IS SO ORDERED.**

              **s/ Christopher A. Boyko**
              **CHRISTOPHER A. BOYKO**
              **United States District Judge**

**Dated: March 27, 2015**