UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRENDA BICKERSTAFF,** | ) | CASE NO. 1:14CV831 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **VINCENT LUCARELLI, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court on Defendant Vincent Lucarelli's Motion (ECF #58) to Dismiss Counts III, VI and VII of Plaintiff Brenda Bickerstaff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12 (b)(6).  For the following reasons, the Court grants in part and denies in part Defendant Lucarelli's Motion to Dismiss.

**I. Facts and Procedural History**

Plaintiff Brenda Bickerstaff ("Bickerstaff") is a private investigator for various defense attorneys and makes the following factual allegations (Pl.'s First Am. Compl. ¶ 38): Bickerstaff's job required her to investigate a criminal case on behalf of a person accused of

breaking into the home of Jasmine Harris ("Harris"). *Id* at ¶ 40.  Lucarelli maintained personal relationships with and engaged in sexual conduct with alleged crime victims, including Harris. *Id.* at ¶ 19.  Lucarelli sent nude pictures of Harris and other alleged crime victims to his supervisor, Captain Dennis Hill ("Hill") and his partner, Detective Michael Legg ("Legg"). *Id.* at 9, 10, 21.

On March 24, 2012, Bickerstaff called Harris, who agreed to be interviewed. *Id*. at ¶ 41.  Afterward, Bickerstaff received a phone call from Vincent Lucarelli ("Lucarelli"), a police officer for the City of Cleveland. *Id* at ¶¶ 6, 41, 42.  Lucarelli demanded that Bickerstaff stop talking to Harris. *Id.* at ¶ 42.  Lucarelli began a criminal investigation of Bickerstaff, sought an arrest warrant for Bickerstaff and knowingly authored false facts regarding Bickerstaff in a police report. *Id.* at ¶¶ 46, 48-49.  Bickerstaff was indicted by a grand jury. *Id.* at ¶ 54.  Lucarelli omitted important information from the presentation to the grand jury, including information on his personal relationship with Harris. *Id.* at . ¶ 50.  Detective Cheryl McDuffie ("McDuffie") presented Lucarelli's paperwork to the grand jury for consideration against the Plaintiff. *Id.* at ¶ 52.  Lucarelli texted McDuffie that Bickerstaff was a private investigator working for a criminal defendant and that Bickerstaff showed up at Harris' house after Harris declined to give a statement. *Id.* at ¶ 53.  Lucarelli told McDuffie, though, that he did not want the matter to be presented to the grand jury. *Id.* at ¶ 53.  All charges were dismissed against Bickerstaff. *Id.* at  ¶ 74.

On March 20, 2013, Bickerstaff filed suit against Defendants Lucarelli, Hill, Legg, McDuffie, the City of Cleveland and John Does 1-10, in the Cuyahoga County Court of Common Pleas alleging:  **(I)** Malicious Prosecution; **(II)** Abuse of Process; **(III)** Retaliation;

**(IV)** Supervisory Liability; **(V)** Municipal Liability; **(VI)** Reckless, Wanton, or Willful Conduct; and **(VII)** Civil Conspiracy.  The case was dismissed without prejudice on June 19, 2013.  Bickerstaff re-filed the case on March 21, 2014; and on April 17, 2014, Defendants removed it to this Court.

On June 17, 2014, Bickerstaff filed an Amended Complaint, making the same allegations.  Of the seven counts in her Amended Complaint, Bickerstaff asserts her Malicious Prosecution, Abuse of Process, Retaliation, Reckless, Wanton, or Willful Conduct and Civil Conspiracy claims against Defendant Lucarelli.  On December 17, 2014, Defendant Lucarelli filed a Motion for Partial Dismissal of the Retaliation; Reckless, Wanton, or Willful Conduct; and Civil Conspiracy claims pursuant to Federal Rule of Civil Procedure 12 (b)(6).

## II. Law and Analysis

**A. Legal Standard**

Federal Rule of Procedure 8 (a) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Hensley Mfg. v. ProPride*, Inc., 579 F.3d 603, 609 (6th Cir. 2009).  To survive a motion to dismiss, "the plaintiff must allege facts that, if accepted as true, are sufficient to raise a right to relief above the speculative level..." and must do more than allege the elements of a cause of action and come to legal conclusions.  *Id.*  Additionally, the plaintiff must "state a claim to relief that is plausible on its face." *Id.*  To state a claim that is plausible on its face, the plaintiff must plead facts that would allow the court to reasonably infer that the defendant is liable for the conduct the plaintiff alleges. In determining whether this standard is met, the court must accept the factual allegations as true, but need not accept legal conclusions.  *Id.*

**B. Retaliation**

In Count III of her First Amended Complaint, Bickerstaff alleges she was subjected to retaliatory prosecution. A claim for retaliation lies where there was "adverse state action motivated at least in part as a response to the exercise of the plaintiff's constitutional rights." *Barnes v. Wright*, 449 F.3d 709, 718 (6th Cir. 2006). A cause of action for retaliation requires that the plaintiff show:

> (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there was a causal connection between the plaintiff's protected conduct and [the adverse action] because the [the adverse action] was motivated at least in part by the plaintiff's protected conduct.

*Gregory v. Burnett*, 577 F. App'x 512, 518 (6th Cir. 2014).

Bickerstaff alleges that "by talking with [Harris] on the telephone and/or seeking to meet with or talk with her on behalf of an accused person who was seeking redress in the Ohio court system, Plaintiff was engaged in an activity that is protected by the First Amendment, i.e. freely associating with a member of the general public and/or seeking to freely associate with a member of the general public for the purpose of participating in the criminal justice system on behalf of an accused person...." (Pl.'s First Amended Compl. at ¶ 83). The First Amendment protects the "right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends." *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622, 104 S. Ct. 3244, 3252, 82 L. Ed. 2d 462 (1984). Lucarelli does not contest that Bickerstaff was engaging in a constitutionally protected activity. For the purposes of this Motion, the Court assumes (without deciding) that freely associating with a

member of the public, or with an alleged crime victim is constitutionally protected conduct and that Bickerstaff's allegations with regard to this element are sufficient.

Lucarelli does not dispute Bickerstaff's allegations that an adverse action was taken against her that would deter a person of ordinary firmness from continuing to engage in that conduct. With regard to this element, Bickerstaff alleges that "by filing false allegations and presenting false and/or misleading or incompetent evidence and information to the grand jury and/or by failing to take action when a duty was owed to act, Defendants took action adverse to Plaintiff." (Pl.'s First Amended Compl. at ¶ 86). Bickerstaff also alleges that "[t]his adverse action caused Plaintiff to suffer injuries that would likely chill a person of ordinary firmness from freely associating and/or talking with a member of the general public and/or seeking to freely associate with a member of the general public for the purpose of participating in the criminal justice system, i.e. to aid another in the petition for the redress of grievances, to wit: including but not limited to getting indicted, undergoing a restraint on personal liberty, losing financial resources, and incurring legal fees." *Id*. at ¶ 87. For the purposes of this Motion, the Court assumes that Bickerstaff's allegations with regard to this element are also sufficient.

As to the third element of Bickerstaff's retaliation claim, Lucarelli argues that Bickerstaff makes no factual assertion demonstrating a First Amendment motivation by Lucarelli and that Bickerstaff only offers conclusory allegations. Bickerstaff alleges that her attempt to speak with Harris was a substantial factor or was the motivating factor in Defendant Lucarelli's action to prosecute her; that when the Defendants filed false allegations and presented false evidence and/or information to the grand jury, they were motivated

entirely out of retaliatory animus; and that Defendants' actions were a response to Bickersatff's exercise of her First Amendment right. (Pl.'s First Amended Compl. at ¶ ¶ 84, 88).

In support of her allegations regarding Lucarelli's motivation, Bickerstaff alleges that no reasonable officer would have arrested Bickerstaff for merely contacting Harris and that the Defendants (including Lucarelli) brought the case against Bickerstaff without probable cause. (Pl.'s First Amended Compl. at ¶ ¶ 85, 89). In a retaliatory prosecution case, a showing of a causal connection between the defendant's alleged animus and the plaintiff's injury is complicated by the fact that the defendant is a non-prosecutor who did not make the decision to bring charges against the plaintiff. *Hartman v. Moore*, 547 U.S. 250, 261-62 (2006). If the plaintiff proves that the elements of retaliatory animus caused the plaintiff's injury, the defendant may respond by showing that the prosecution would have happened anyway, independent of retaliatory animus, because there was probable cause to bring charges. *Hartman* 547 U.S. at 260-61. Evidence that there was no probable cause to bring the underlying criminal charge will tend to show that retaliation was a but-for basis of instigating the prosecution. *Id at* 261. In a retaliatory prosecution case, the plaintiff must plead and prove that there was a lack of probable cause. *Id at* 265. In addition to showing that the defendant acted in retaliation, the plaintiff "must also show that [the defendant] induced the prosecutor to bring charges that would not have been initiated without his urging." *Id at* 262. The Sixth Circuit has held that "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." *Cook v. McPherson*, 273 F. App'x

421, 423 (6th Cir. 2008).

An exception to this rule applies "where the indictment was obtained wrongfully by defendant police officers who knowingly present false testimony to the grand jury." *Cook.*, 273 F. App'x at 424. While Bickerstaff alleges that Defendants made false allegations against her which were inserted into police documents and court filings resulting in an unjust prosecution, and that Defendants presented false and/or misleading information to the grand jury, (Pl.'s First Amended Compl. at ¶ 68, 86) her allegations are conclusory. Bickerstaff does not specifically describe the false allegations. Bickerstaff fails to sufficiently allege that Defendant Lucarelli knowingly presented false testimony to the grand jury and therefore Bickerstaff fails to state a claim that could plausibly defeat the presumption of probable cause based on the return of an indictment.

Bickerstaff alleges that Defendants knew that Bickerstaff's prosecution was without probable cause; that Defendants presented incomplete evidence and information to the grand jury; that Defendants never disclosed facts to the grand jury that would defeat probable cause; and that this permitted the prosecution to go forward. (Pl.'s First Amended Compl. at ¶ 69, 86). When Bickerstaff alleges that Defendants' failure to disclose material facts permitted the prosecution to go forward, she is essentially alleging a failure to disclose exculpatory evidence to the grand jury.

In *Diver v. Dobson*, No. 3:12 CV 957, 2014 WL 1369671, at *3 (N.D. Ohio Mar. 31, 2014), the plaintiff brought a malicious prosecution claim and challenged the presumption of probable cause based on the prosecutor's failure to present exculpatory evidence to the grand jury. *Diver*, 2014 WL 1369671, at *3. In support of his claim that probable cause was

lacking, the plaintiff argued that the defendant sheriff failed to supply the prosecutor with exculpatory evidence. *Diver*, 2014 WL 1369671, at *3. Because a prosecutor has no duty to present exculpatory evidence to a grand jury *(United States v. Adamo*, 742 F.2d 927, 937 (6th Cir. 1984), "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence." *Diver* , 2014 WL 1369671, at *3. The *Diver* court held that even if the prosecutor had all of the information, the prosecutor was under no duty to present it to the grand jury. *Id.* at *4. Finding that the plaintiff did not allege that there were irregularities or improprieties in the constitution of the grand jury or in the process; and that the plaintiff failed to sufficiently allege that the defendants participated in or influenced the decision to prosecute, the court held that the plaintiff failed to rebut the presumption that the indictment was fair on its face and was based upon probable cause. *Id.* at *4-5. Following *Diver*, Bickerstaff's allegations that Defendants' presentation of incomplete evidence and information to the grand jury which would have defeated probable cause and which permitted the prosecution to go forward, are insufficient to rebut the presumption of probable cause. Accordingly, the Court dismisses Bickerstaff's Retaliation claim against Lucarelli.

**C. Reckless, Wanton, or Willful Conduct**

Bickerstaff titles Count VI of her Complaint as "Reckless, Wanton, or Willful Conduct / R.C. 2921.52." Bickerstaff argues that the Reckless, Wanton, or Willful Conduct count was included so that Bickerstaff could meet the burden of showing that Defendants' culpability rose above negligence and would then fall under an exception to statutory immunity under Ohio law. Lucarelli correctly argues that Bickerstaff's claim for Reckless,

Wanton, and Willful Conduct should be dismissed because it is not a distinct cause of action, but is an element of other causes of action. See *Bradley v. City of Cleveland*, No. 1:11CV781, 2012 WL 775106, at *3 (N.D. Ohio Mar. 7, 2012). Reckless, wanton, or willful conduct, is a level of intent which may negate defenses like statutory immunity. *Bradley*, 2012 WL 775106, at *3.

Section 2921.52 (B) provides that "[n]o person shall, knowing the sham legal process to be sham legal process, do any of the following:"

> (1) Knowingly issue, display, deliver, distribute, or otherwise use sham legal process; (2) Knowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person; (3) Knowingly commit or facilitate the commission of an offense, using sham legal process; (4) Knowingly commit a felony by using sham legal process.

'Sham legal process' is an instrument that:

> (a) ...is not lawfully issued; (b) ...purports to do any of the following: (i) To be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body, (ii) To assert jurisdiction over or determine the legal or equitable status, rights, duties, powers, or privileges of any person or property, [or] (iii) To require or authorize the search, seizure, indictment, arrest, trial, or sentencing of any person or property; [and] (c) ...is designed to make another person believe that it is lawfully issued.

Ohio Rev. Code Ann. § 2921.52 (A)(4) (West).

The statute defines 'lawfully issued' as "adopted, issued, or rendered in accordance with the United States constitution, the constitution of a state, and the applicable statutes, rules, regulations, and ordinances of the United States, a state, and the political subdivisions of a state." Ohio Rev. Code Ann. § 2921.52 (A)(1)(West).

Bickerstaff does not allege facts to rebut the presumption of probable cause arising from the return of the Indictment. Although Bickerstaff alleges that Defendants infused

and/or facilitated the presentment of false charges against her;  and that Defendants created, perpetrated, and/or disseminated a series of falsehoods and misstatements against her that laid a false foundation for her prosecution (See Pl.'s First Amended Compl. at ¶¶ 112-13), Bickerstaff makes no allegations describing what falsehoods and misstatements Lucarelli included in any document.  Bickerstaff does not allege facts making it plausible that Lucarelli used any instrument that was not lawfully issued or making it plausible that Lucarelli used sham legal process for any of the  purposes set forth in section 2921.52 (B).

Bickerstaff's claims under R.C. § 2921.52 also fail because she has not plead sufficient factual allegations that show Lucarelli acted "knowingly."  R.C. § 2921.52 (B)(3) explicitly states that "[n]o person shall . . . *knowingly* commit or facilitate the commission of an offense, using sham legal process."  In her Amended Complaint, Bickerstaff does not plead that Lucarelli and other defendants knowingly violated the law.  Instead, she incorrectly asserts that Lucarelli and other defendants "wantonly and willfully committed reckless violations of the law."  Thus, because Bickerstaff fails to plead that Lucarelli had the requisite mental state, her claims under R.C.§ 2921.52 must also fail.

Finally, in her Response to Defendant Lucarelli's Motion to Dismiss, Bickerstaff does dispute Lucarelli's argument that legal process was lawfully issued.  Because Reckless, Wanton, or Willful Conduct is not a stand alone cause of action in Ohio, and because Bickerstaff fails to allege facts sufficient to show a violation of Section 2921.52, the Court dismisses Count VI.

**D. Civil Conspiracy**

In Count VII of her First Amended Complaint, Bickerstaff alleges Civil Conspiracy. The Sixth Circuit has held the following with regard to civil conspiracy claims:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.  Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy.  Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011).

Because direct evidence of civil conspiracy is often unavailable, it is enough for the plaintiff to produce circumstantial evidence from which the existence of a conspiracy can be reasonably inferred.  *Womack v. Conley*, C.A. No. 13-6565, 2014 WL 6997493, at *4 (6th Cir. Dec. 11, 2014).

Lucarelli does not argue that Bickerstaff fails to make allegations supporting each of the elements of civil conspiracy.  In his Reply to Plaintiff's Brief in Opposition, Lucarelli appears to argue that Bickerstaff's Complaint is insufficient on two bases:  Bickerstaff fails to state a claim due to the applicability of the intracorporate conspiracy doctrine; and because Bickerstaff has not sufficiently alleged that Lucarelli acted outside the scope of his employment, Bickerstaff has failed to state a claim under an exception to the intracorporate conspiracy doctrine.

Lucarelli argues that the civil conspiracy claim should be dismissed because under the intracorporate conspiracy doctrine, the City of Cleveland, as a municipal corporation, cannot conspire with police officers who are its employees or agents.  A corporation acts through its officers, and cannot conspire with itself.  *Bays v. Canty*, 330 F. App'x 594 (6th Cir. 2009).

-11-

Accordingly, "members of the same legal entity cannot conspire with one another as long as their alleged acts were within the scope of their employment." *Burgess v. Fischer*, 735 F.3d 462, 483 (6th Cir. 2013). The intracorporate conspiracy doctrine applies to police officers of police departments. *Ruble v. Escola*, 898 F. Supp. 2d 956, 986 (N.D. Ohio 2012).

An exception to the intracorporate conspiracy doctrine, applies "where employees act outside the scope of their employment." *Coley v. Lucas Cnty.*, *Ohio*, No. 3:09 CV 8, 2014 WL 272667, at *7 (N.D. Ohio Jan. 23, 2014). In an action alleging that defendant police officers created a conspiracy in their individual capacities, the plaintiff must allege actions that the defendants took outside the scope of their duties as police officers. *Bradley*, 2012 WL 775106, at *5. This Court has held that "[d]efendants act outside the scope of their employment when they pursue personal interests wholly separate and apart from the entity." *Briner v. City of Ontario*, No. 1:07CV129, 2010 WL 3982755, at *15 (N.D. Ohio Oct. 7, 2010) on reconsideration, No. 1:07CV129, 2011 WL 866464 (N.D. Ohio Mar. 9, 2011).

Lucarelli argues that Bickerstaff's allegation that Defendants were acting to further a city policy is insufficient to support a conspiracy claim against Defendants in their individual capacities. That is, Bickerstaff has not sufficiently alleged that Lucarelli was acting outside the scope of his employment. Bickerstaff has alleged, in the alternative, however, that Lucarelli acted outside the scope of his employment with the City of Cleveland. (Pl.'s First Amended Compl. at ¶ 12). Specifically, while Bickerstaff alleges that Defendants acted to further a city policy, she also makes allegations supporting an inference that Defendants acted to pursue personal interests wholly separate and apart from the City. Bickerstaff alleges that Defendants "participated in a custom of toleration of officers having physical/sexual

-12-

relationships with alleged victim-women; condoning and toleration of officers submitting altered and/or false reports and departmental documentation *to cover up for rule-breaking and or other misconduct*."  (Pl.'s First Amended Compl. at ¶ 120).  Bickerstaff also alleges that "all police officer Defendants acted together *to assist or cover up and/or permit the wrongful prosecution of Plaintiff by Defendant Lucarelli*" and that Defendants (including Lucarelli) "worked together to commit ... malicious prosecution, abuse of process, instituting, issuing, and advancing baseless charges against Plaintiff ... *in order to maliciously punish and/or injure or retaliate against her*.  (Pl.'s First Amended Compl. at ¶ 14, 122).  The Court finds that Bickerstaff has made sufficient allegations to state a claim for Civil Conspiracy under an exception to the intracorporate conspiracy doctrine, and denies Lucarelli's motion to dismiss the Civil Conspiracy claim.

### IV. Conclusion

For the foregoing reasons, the Court grants Defendant's Partial Motion to Dismiss Plaintiff's Retaliation and Reckless, Wanton or Willful Conduct claims and denies Plaintiff's Partial Motion to Dismiss Plaintiff's Civil Conspiracy claim.

**IT IS SO ORDERED.**

                              **s/ Christopher A. Boyko**
                              **CHRISTOPHER A. BOYKO**
                              **United States District Judge**

**Dated:  April 2, 2015**