UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRENDA BICKERSTAFF,** | ) | **CASE NO.1:14CV831** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **VINCENT LUCARELLI, *et al.*,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant's Motion for Summary Judgment of Defendant Lucarelli (ECF #98). Summary judgment is appropriate under Rule 56 when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Plaintiff has not filed an objection. For the following reasons, the Court grants the Motion for Summary Judgment.

1

**BACKGROUND**

Plaintiff Brenda Bickerstaff is a private investigator for criminal defense law firms in Northeast Ohio.  In March 2012, Plaintiff was conducting an investigation on behalf of a defendant accused of breaking into the house of Jasmine Harris ("Harris").  Plaintiff spoke to Harris, and Harris agreed to be interviewed.  Shortly after speaking with Plaintiff, Harris contacted Defendant Vincent Lucarelli, ("Lucarelli") a detective with the Cleveland Division of Police, to complain about Plaintiff.  Lucarelli contacted Plaintiff and advised her to discontinue her contact with Harris.

Harris filed a complaint against Plaintiff and Lucarelli presented the incident to the prosecutor, who elected to present it to the grand jury.  A grand jury indicted Plaintiff for intimidation of a crime victim or witness and telecommunications harassment. The criminal proceedings against Plaintiff were dismissed without prejudice on May 24, 2012.

This suit was filed and re-filed, ultimately making multiple claims against various Defendants.  All Counts against Defendants Legg, Hill, McDuffie and the City of Cleveland were dismissed on Motions to Dismiss on March 27, 2015.  Count Three (Retaliation) and Count Six (Reckless, Willful, and Wanton Conduct against Defendant Lucarelli were dismissed on April 2, 2015, on a Motion for Partial Dismissal. The only remaining claims against Defendant Lucarelli are Malicious Prosecution (Count One), Abuse of Process (Count Two) and Conspiracy (Count Seven).

**ANALYSIS**

In *Celotex Corp. v. Catrett*, the United States Supreme Court held that Rule 56(c)

of the Federal Rules of Civil Procedure requires that summary judgment be granted when the non-moving party fails to establish the existence of an essential element to his or her case on which he or she will bear the burden of proof at trial. 106 S.Ct. 2548 (1986). The Court stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case on which that party will bear the burden of proof at trial. In such a situation there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is entitled to judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Id.* at 2552-53. The moving party must demonstrate that "that there is an absence of evidence to support the nonmoving party's case." *E.E.O.C. v. Prevo's Family Market*, Inc., 135 F. 3d 1089, 1093 (6th Cir. 1998)(citing *Celotex,* 477 U.S. at 325). If a motion is properly made and supported, the nonmoving party must set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e).

In this case Plaintiff's claim for malicious prosecution fails as a state or federal claim. Plaintiff was indicted by the grand jury. There has been no evidence that any irregularities occurred with the grand jury as no transcript has been ordered. Defendant Lucarelli did not testify before the grand jury.

To establish a basic claim for malicious prosecution under Ohio law, a plaintiff must prove "(1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused." *Dailey v. First Bank of Ohio*, Franklin App. No. 04AP-1309, 2005-Ohio-3152, ¶14 (citations

3

omitted). Regarding a federal claim for malicious prosecution, "the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause." *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir.2006) (citing Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir.2002)). *See also Bickley v. FMC Technologies, Inc.*, 282 F. Supp. 2d 631, 639 (N.D. Ohio 2003) ("The return of an indictment by the grand jury establishes probable cause.")

Plaintiff alleges that Defendant prosecuted her for an improper intent but has provided no facts to support that theory. Defendant did not present the case to the grand jury but instead presented the facts to the prosecutor at his supervisor's direction, and the prosecutor determined that the case would be presented to the grand jury. This does not establish any improper intent or the lack of probable cause.

Additionally, Defendant is entitled to qualified immunity for this claim. The doctrine of qualified immunity provides that law enforcement officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.*" Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a law enforcement official has raised the defense, the plaintiff has the burden of establishing that the official is not entitled to qualified immunity. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir. 2006).

Here, there is no evidence of a constitutional violation and Plaintiff has not attempted to establish that Defendant is not entitled to qualified immunity. Plaintiff offers nothing more than conclusory allegations and has not established an exception to immunity based on malicious, wanton or reckless conduct. Therefore, the malicious

prosecution claim is dismissed.

Plaintiff alleges an abuse of process claim. As the Court previously stated in its Opinion and Order granting Defendants Cheryl McDuffie, City of Cleveland, Dennis Hill and Michael Legg's Motions to Dismiss, (ECF#85, p.7) "To establish an abuse of process claim under Ohio law, a plaintiff must show: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful process. *Bickley, [v. FMC Technologies*, Inc., 282 F. Supp. 2d 631, 639 (N.D. Ohio 2003)] (citing *Yaklevich v. Kemp*, *Schaeffer & Rowe,* 68 Ohio St.3d 294, 298, 626 N.E.2d 115 (1994)). A defendant is not liable for abuse of process 'where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions.' *Id.* at 640."

Defendant Lucarelli followed the legal process as directed by his supervisor. The prosecutor elected to present the case to the grand jury. Therefore, Plaintiff has not established an abuse of process and this claim is dismissed. Also, Defendant is entitled to all the same defenses and immunities as the malicious prosecution claim.

Plaintiff has alleged a conspiracy between Defendant Lucarelli and other police officers. To establish such a claim under Ohio law, a plaintiff must demonstrate "'a malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages.'" *AAA Installers v. Sears*, 764 F. Supp. 2d 931, 941 (S.D. Ohio 2011) (quoting *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995)). Basically, the

5

plaintiff must show "that there was a single plan, that the alleged co-conspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 563 (6th Cir.2011) (quoting *Spadafore v. Gardner*, 330 F.3d 849 (6th Cir.2003)).

"There is no requirement of an express agreement between defendants" for a malicious combination to exist. *Garrett v. Fisher Titus Hosp.*, 318 F. Supp. 2d 562, 578 (N.D. Ohio 2004) (citing *Gosden v. Louis*, 116 Ohio App.3d 195, 687 N.E.2d 481, 496 (1996)). Instead, a plaintiff must prove "a common understanding or design, even if tacit, to commit an unlawful act." *Id*. "An underlying unlawful act is required before a civil conspiracy claim can succeed." *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 475, 700 N.E.2d 859, 868 (1998).

Here, Plaintiff fails to provide evidence of an unlawful action. Although Plaintiff asserts that someone must have conspired against her, she provides no facts or evidence to support this claim. The claims of malicious prosecution and abuse of process are without merit, thus the conspiracy claim fails as well. As noted above, Defendant Lucarelli is entitled to all the same defenses and immunities as the malicious prosecution claim. Therefore, for the foregoing reasons Defendant Lucarelli's Motion for Summary Judgment is granted.

**IT IS SO ORDERED.**

Date: 10/23/2015
*s/Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**